UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 10-CR-606 |
| - against - | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| STAN MAYNARD, | |
| Defendant. | |



**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On September 22, 2010, Stan Gerald Maynard pled guilty to two counts of a two-count superseding information. Count I charged that between approximately August 2009 and May 2010, within the Eastern District of New York and elsewhere, Maynard, together with others, knowingly and intentionally conspired to transfer false identification documents which appeared to be issued by the federal government, in violation of 18 U.S.C. §§ 1028(f), 1028(b)(1)(A)(i), and 1028(c)(1). Counts II charged that in or about December 2009, the defendant, together with others, knowingly and intentionally conspired to execute a scheme and artifice to defraud one or more financial institutions by means of materially false and fraudulent pretenses, in violation of 18 U.S.C. §§ 1344 and 1349.

Maynard was sentenced on December 12, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 11 and defendant's criminal history category to be category III, yielding a Guidelines range of imprisonment of between twelve and eighteen months. The first count to which Maynard pled guilty carries a maximum term of imprisonment of fifteen years. *See* 18 U.S.C. § 1028(b)(1)(A)(i). Counts II carries a maximum term of imprisonment of thirty years. *See* 18 U.S.C. § 1344.

Maynard was sentenced to time served. A special assessment of $200 was imposed for both counts, as well as a term of three years supervised release. No fine was imposed.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offenses to which the defendant pled guilty are very serious. But the defendant appears to have now assumed a careful life of propriety. He has stable family relations and is engaged to be married. He takes care of his fiancee's son as his own child. For over three years, he has held a steady, full-time job as an accounting clerk, a position which involves the supervision of other employees. The defendant had a fairly rocky childhood. With his father, he immigrated from Guyana to the United States approximately thirty years ago, and lived with his mother and two siblings. His father subsequently returned to Guyana and the defendant's parents remained informally separated. His mother was an alcoholic and the sole source of financial support for the family. Growing up, Maynard was studious and performed well in school. He pursued an accounting degree in college, but withdrew shortly before completing the program. Immediately after his arrest for the instant offenses, Maynard has cooperated with the authorities at great risk to himself and his own safety. Incarceration would not further his educational or professional background as an accountant.

A sentence of time served and supervise release will suffice. It reflects the seriousness of the offenses and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the shame

of a felony conviction and in light of the defendant's substantial cooperation. Specific deterrence is of less importance in this case.

                                    Jack B. Weinstein
                                    Senior United States District Judge

Dated: December 17, 2012
       Brooklyn, New York